**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 02-5231 AWI |
| ) | |
| Plaintiff, ) | ORDER SETTING FURTHER |
| ) | STATUS CONFERENCE ON |
| v. ) | PETITIONER'S MOTION TO |
| ) | MODIFY CONDITIONS OF |
| JACK RICHARD WARD, ) | PAYMENT OF RESTITUTION |
| ) | |
| Defendant. ) | |
| _____ ) | Documents Nos. 17, 19 and 21 |

Defendant Jack Richard Ward ("Ward") was convicted by plea of guilty to nine counts of bank robbery and one count of attempted bank robbery. Judgment was entered on December 13, 2002. As part of the judgment, Ward was ordered to pay restitution totaling $27,885 "due immediately" to six listed banks. The amount of restitution due each bank was specified. Ward was sentenced to a term of imprisonment of 300 months. On January 17, 2007, Ward filed a pleading titled "Motion for Deferral and/or Reduction in Restitution Payments. Doc. # 17. A second motion requesting the same relief was filed on December 26, 2007, and a third similar pleading was filed on June 17, 2008. Ward is currently incarcerated at a federal corrections institution in Arizona.

**FACTUAL BACKGROUND**

The factual background for Ward's motions was set forth in Ward's motion that was filed

on January 17, 2007.  As of January 17, 2007, Ward was employed in prison by Unicor[1].  Ward alleges that, pursuant to a determination by the Bureau of Prisons ("BOP") as part of their Financial Responsibility Program, fifty percent of Ward's pay from Unicor was withheld for application to Ward's restitution obligation.  Ward alleges that, during the term of his incarceration his health has declined and he is required to pay for is own treatment, including prescription drugs, from his earnings.  Ward also alleges that hardships within his family require him to send at least $100 to $200 home per month.  Ward's motions request that his restitution payments be suspended or reduced until his good time release date in 2024.  Ward was 53 years old as of January 17, 2007.

Ward set forth the legal basis for his motions for modification of restitution payment in his motion filed December 26, 2007, and added further case authority in his motion filed June 17, 2008.  The crux of Ward's legal argument is that, pursuant to the Mandatory Victims Restitution Act of 1996, the scheduling of mandatory restitution payments is a duty of the district court; a duty that cannot be delegated to probation or to the Bureau of Prisons.  Ward therefore contends that BOP's attachment of fifty percent of the wages he earned by working for Unicor was without authority.  For the reasons discussed below, the court concludes Ward is correct.

## DISCUSSION

**I. Jurisdiction**

Ward's motions are filed simply as motions.  Although he alleges that BOP's withholding of his earnings was without authority, Ward alleges no jurisdictional authority for his claim.  At first blush, Ward's claim appears to pertain to the condition of his confinement, not to the judgment or sentence, since Ward is not disputing the imposition of restitution or its amount.  The core problem, however, is that the judgment does not provide the authority for the BOP to administer its financial responsibility program in accordance with existing regulations.  Thus, in

---

[1] Unicor is "a self-sustaining government corporation that provides employment and job training federal to BOP inmates while producing marketable goods and services." United States v. Lemoine, 2008 WL 4509602 at n.3 (9th Cir. 2008).

order to address both Ward's claim and the legitimate interests of the BOP, the court will be required to correct its judgment. Because Ward's claim, as well as the needs of the BOP in administering their programs, require the court to address the adequacy of the judgment itself, the court construes Ward's pleadings as a motion pursuant to 28 U.S.C. § 2255. More specifically, the court construes the motion filed by Ward on January 17, 2007, to be a motion pursuant to section 2255, and construes the motions filed on December 26, 2007, and June 17, 2008, to be amendments to the motion.

Section 2255 provides that the one-year statute of limitations for the section begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4). In the instant case, the facts supporting Ward's claim – that is, the fact that the judgment did not authorize BOP's withholding of Ward's pay – did not become known and could not reasonably have become known until the fact of the withholding was brought to Ward's attention. The court assumes for present purposes that Ward's motion followed within a year of the time BOP began withholding fifty percent of his pay from Unicor.

The court finds Ward's motions, which the court construe to be pursuant to 28 U.S.C. § 2255, are timely. The court finds the jurisdictional requirements of section 2255(a) are satisfied.

**II. Judgment and Restitution**

The contours of the court's authority and duty to order restitution has been interpreted for courts in the Ninth Circuit by a trio of cases. As the Circuit Court has explained:

> The Mandatory Victims Restitution Act of 1996 ("MVRA") provides, among other things, that : "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant," 18 U.S.C. § 3664(f)(1)(A). It goes on to say: "Upon determination of the *amount* of restitution owed to each victim, the court shall, pursuant to section 3572, specify

3

>in the restitution order the manner in which, and the *schedule* according to which, the restitution is to be paid. . . ." *Id*. §3664(f)(2).

United States v. Gunning, 401 F.3d 1145, 1149 (9 Cir. 2005) ("Gunning II") (italics added).

As observed by the Gunning II court, each order for restitution has two components, the amount and the scheduling. In the first of the pair of Gunning cases, the Ninth Circuit held that an order of the district court that provided that an amount of restitution was "due immediately," and then ordered that "'[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer,'" constituted an impermissible delegation of the scheduling function to the probation department. United States v. Gunning, 339 F.3d 948, 950 (9th Cir. 2003) (Gunning I). In the second case, Gunning II, the court held that the delegation of the scheduling of restitution payment to the BOP was similarly an unlawful delegation of the court's authority and duty. Gunning II, 401 F.3d at 1150.

The fact that the scheduling of restitution payments cannot be delegated to any authority outside the court poses the practical problem of how the court, which has no mechanism for monitoring performance under restitution orders, can maintain a fair and optimum schedule of restitution payments where defendants' financial circumstances are constantly changing. The Ninth Circuit's approach in United v. Lemoine, 2008 WL 4509602 (9th Cir. 2008) illustrates what is, so far as this court is aware, the most flexible approach available. In Lemoine, the court held that an order setting a base restitution payment "'not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program'" did not violate the separation of powers principle expressed in Gunning I, and Gunning II. Lemoine. 2008 WL 4509602 at *3.

The Lemoine court noted that the decision of a prisoner to not participate in BOP's Inmate Financial Responsibility Program ("IFRP") carries the consequence of loss of substantial benefits. Id. at *4. The Lemoine court went on to note, however, that the benefits of voluntary participation in the IFRP, which are set forth at 28 C.F.R. § 545.11(b) are incentives providing privileges and the opportunity for prison employment that extend significantly beyond the bare

4

minima to which prisoners are constitutionally entitled.  Consequently, the denial of such benefits as a consequence of non-participation in BOP's IFRP does not rise to the level of the denial of a constitutionally guaranteed right under the Eighth Amendment.  <u>Id.</u>  To the extent Ward may have subjectively felt compelled to participate in the IFRP arrangement at the threat of loss of any or all of the privileges or perks listed at 28 C.F.R. § 545.11(b), the <u>Lemoine</u> court has ruled there is no constitutional violation because any or all of the incentives listed are benefits to which the prisoner is not otherwise constitutionally entitled.  <u>Id</u>.  Thus, the issue presented by Ward's motions is not whether Ward was impermissibly threatened with sanctions if he did not agree to the withholding under the IFPR, the issue is whether BOP was authorized by the court to collect any restitution payments at all.

Based on the foregoing discussion, the court concludes BOP was not authorized by a lawful order of the court to withhold any restitution payments from Ward.

The court is informed that, as in the present case, courts of this district have commonly imposed restitution "due immediately" as part of sentences where the defendant is committed to a term of imprisonment.  The expectation has been that BOP and/or Probation will work out the details of payment.  Pursuant to the foregoing discussion, it is now apparent to the court that the usual form of imposition of restitution in this district constitutes an impermissible delegation of authority to either BOP or Probation.  Ward's motion is important in this regard because it brings to the fore the need for the court to make a global change in the way it imposes restitution at the time of sentencing where the defendant is to be sentence to a term of imprisonment.  Because the court has construed Ward's motions as a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, the court will grant the writ and stay the portion of Ward's judgment requiring that restitution is "due immediately" pending further order of the court.  The court will also direct BOP to refrain from withholding any portion of Ward's pay or allowance from Unicor or from any other source until further order of the court.

The court is also mindful of the fact that the approach it takes in correcting Ward's order

for restitution should be the approach it adopts as to all future orders of restitution that pertain to defendants who will be committed to a term of imprisonment. Because the court is faced with the task of instituting a new standard approach to the imposition of restitution for incarcerated prisoners, the court finds it appropriate to seek input from all stakeholders prior to any modification of Ward's restitution order.

It is therefore hereby ORDERED that:

1. The Clerk of the Court shall re-file Document # 17 as a motion pursuant to 28 U.S.C. § 2255. Documents numbered 19 and 21 shall be filed as amendments to Document # 17.
2. United States Attorney McGreggor Scott, or representative(s) designated by him, and counsel for Petitioner, Ann Voris, and/or others appointed to represented Federal Defenders shall attend a hearing pursuant to this order on January 26, 2009, at 1:30 p.m. in courtroom 8.
3. In addition to normal service of this order on Petitioner and his counsel, Ann Voris, the Clerk of the Court shall serve this order on United States Attorney McGregor W. Scott, Assistant U.S. Attorney Larry G. Brown, Fresno Branch Chief Mark E. Cullers, and Fresno Deputy Branch Chief Sheila Oberto. The Clerk of the Court shall also serve this order on Chief United State Probation Officer Jay D. Craddock.
4. Bureau of Prisons is hereby ordered to cease any further collections of monies for payment of restitution from Petitioner Ward until such time as the court may issue further orders authorizing such collections.

IT IS SO ORDERED.

**Dated:   December 11, 2008**          /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE