IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                        Plaintiff,        )<br>                                                          )<br>             v.                                       )<br>                                                          )<br>JACK RICHARD WARD,                  )<br>                                                          )<br>                        Defendant.     )<br>_____) | CR 02-5231 AWI<br><br>ORDER GRANTING<br>PLAINTIFF UNITED STATES'<br>MOTION FOR<br>RECONSIDERATION<br><br>Doc. # 27 |

On December 12, 2008, the court issued an order (the "December 12 Order") on defendant Jack Richard Ward's ("Ward") trio of motions seeking modification of his order of restitution. In the December 12 Order, the court determined that the court's order of restitution in Ward's case, and by extension restitution orders in other cases where a term of imprisonment is imposed, may have inadvertently and improperly placed reliance on the Bureau of Prisons ("BOP") to set a schedule for restitution payments. In the December 12 Order, the court scheduled a court hearing for January 26, 2009, to include Ward's attorney as well as representatives from Probation Services and the United States Attorney's Office, to discuss proper resolution of the issues raised by Ward's motions. The court asserted jurisdiction over Ward's motions by deeming them a motion pursuant to 28 U.S.C. § 2255.

On December 22, 2008, plaintiff United States filed a motion for reconsideration of the December 12 Order. Motions to reconsider are committed to the discretion of the trial court.

Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). For the reasons that follow, reconsideration will be granted.

In the motion for reconsideration, United States contends the court's assertion of jurisdiction over Ward's motions for adjustment of restitution was improper. United States argues that a claim pursuant to 28 U.S.C. § 2255 is not cognizable by a district court unless it challenges the petitioner's custody status. The court has examined the authority cited and agrees with United States. It appears well settled in this circuit that any claim that does not seek release from custody is not cognizable under section 2255. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999); see also United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002) (disagreeing with the Sixth Circuit holding in Weinberger v. United States, 268 F.3d 346, 351 n.1 (6th Cir. 2001), which held restitution claim is cognizable under section 2255 if presented as an ineffective assistance of counsel claim).

To a significant extent, Ward bases his motions to defer or modify his restitution payments on the contention that this court failed to establish a schedule of payments in its order of restitution thereby unlawfully delegating the scheduling of his restitution payments to BOP in violation of the holdings in United States v. Gunning, 339 F.3d 948, 950 (9th Cir. 2003) and United States v. Gunning, 401 F.3d 1145, 1149 (9th Cir. 2005). The court's December 12 Order noted the court has concluded that, in light of the Gunning cases, the customary order for restitution where the defendant will be sentenced to a term of imprisonment may well represent an impermissible delegation of authority to BOP to set the restitution schedule. However, pursuant to the foregoing discussion, to the extent Ward seeks to challenge the authority of BOP to collect restitution from Ward's prison income, the court must conclude it lacks jurisdiction to

address such a claim pursuant to 28 U.S.C. § 2255.

As United States points out, a district court may assert jurisdiction over a restitution order for the limited purpose of adjusting the scheduling of restitution payment in order to take into account changes in the defendant's financial circumstances. 18 U.S.C. § 3664(k). While section 3664(k) provides a district court with jurisdiction to take into account changing circumstances,[1] a district court may not examine the *legality* of a prior order by means of section 3664(k). See United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (adopting the holding in United States v. Hatten, 167 F.3d 884, 886 (5th Cir. 1999) that a district court lacks jurisdiction pursuant to section 3664(k) to examine the legality of a restitution order).

The court concludes it lacks jurisdiction to consider the *legality* of its order of restitution under either 28 U.S.C. § 2255 or under 18 U.S.C. § 3664(k). The court therefore also lacks jurisdiction under either of these statutes to decide whether BOP improperly exercised authority in setting a schedule for Ward's restitution payments under BOP's Inmate Financial Responsibility Program ("IFRP").

To the extent Ward is claiming changing circumstances, the court finds Ward has failed to assert a change in circumstance sufficient to warrant re-examination of the scheduling of his restitution payments pursuant to section 3664(k). Ward's first motion, which was filed on January 17, 2007, mentions that Ward was employed by Unicor while housed at an institution in Arizona and that fifty percent of his earnings were withheld by BOP for restitution payments under its IFRP. The court's docket indicates Ward was transferred to a different institution on or about June 27, 2007, and was transferred again on or about March 7, 2008. Ward's submissions after June 27, 2007, do not mention whether Ward continues to be employed by Unicor, or whether the withholding under the IFRP was adjusted in conjunction with either or both of the

---

[1] Indeed, section 3664(k) creates the obligation of the district court to examine changes in the defendant's financial circumstances by requiring that the court's order of restitution include an order that the defendant notify the court of any material change in the defendant's financial circumstance.

3

transfers. To qualify for review of the scheduling of Ward's restitution payments, Ward will be required to show the specifics of his current financial circumstance, how that has changed from his prior circumstance, and what adjustments have or have not been made with respect to payments under the IFRP.

The court also notes that, pursuant to BOP's IFRP, a quarterly restitution payment of $25 for non-Unicor employees and a restitution payment of 50% of monthly pay for Unicor employees in grades 1- 4 is the normal arraignment. United States v. Lemoine, 546 F.3d 1042, 1047 (9th Cir 2008). The court will not grant review of Ward's schedule of restitution payments pursuant to 18 U.S.C. § 3664(k) where the scheduling of Ward's restitution payments is substantially in accord with usual practice under the IFRP except and unless Ward demonstrates specific and compelling changes in circumstances warranting review.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. United States' Motion for Reconsideration is hereby GRANTED.
2. The court's December 12 Order construing Ward's motion as a motion pursuant to 28 U.S.C. § 2255, granting the writ, enjoining BOP from enforcement of restitution collection activities under the IFRP, and scheduling further proceedings is hereby VACATED.
3. Ward's motions as set forth in Documents numbered 17, 19, and 21are hereby DEEMED to be pursuant to 18 U.S.C. § 3664(k) and are each hereby DENIED without prejudice.
4. Any motion by Ward that has heretofore been deemed a motion pursuant to 28 U.S.C. § 2255 by prior order of the court is hereby DENIED with prejudice. The Clerk of the Court shall CLOSE any case that has been opened as an action pursuant to section 2255.
4. The clerk of the court shall SERVE THIS ORDER on the same parties that were previously served pursuant to the court's December 12 Order. These parties include Ward and his counsel, Ann Voris, Acting United States Attorney Lawrence J. Brown,

Fresno Branch Chief Mark E. Cullers, and Fresno Deputy Branch Chief Sheila Oberto. The Clerk of the Court shall also serve this order on Chief United State Probation Officer Jay D. Craddock.

5. The parties served by this order are hereby advised that the court will administratively address the issue of whether the court's routine approach to the ordering of restitution for defendants who will be sentenced to a term of imprisonment is sufficient in light of the authority cited herein.

6. The hearing on Ward's motions to stay or modify restitution payments that was scheduled by the court's December 12 Order for January 26, 2009, is hereby VACATED and no party shall appear at that time.

IT IS SO ORDERED.

Dated:   **January 16, 2009**            /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE