# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Jack Richard Ward,<br><br>　　　　Defendant. | CASE NO. 1:02-CR-05231-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REIMBURSEMENT<br><br>(Docs. 24, 25, 26, 32, 33) |

## BACKGROUND

　　Defendant was sentenced to 300 months imprisonment and 36 months on supervised release for one count of attempted armed bank robbery and nine counts of armed bank robbery. (Doc. 16). Defendant was ordered to pay a $1,000.00 Crime Victim Fund Assessment and $27,885 in restitution to the victims. (Doc. 16). The Schedule of Payments section of the court's judgment stated the Crime Victim Fund Assessment and the restitution were due and payable immediately. (Doc 16). During incarceration, Defendant voluntarily participated in the Bureau of Prison's (BOP) Inmate Financial Responsibility Program (IFRP).  The BOP has collected $4,578.02 from Defendant, including amounts taken from his prison wages by the IFRP from March of 2008 through March of 2012. (Doc. 38-1).

　　Defendant filed a motion in this Court, requesting a deferral and/or reduction in his restitution payments. (Doc. 17). This Court held that it had impermissibly delegated its duties to the BOP, and ordered the BOP to cease collecting from the defendant. (Doc. 23). The Government

1  moved for reconsideration. (Doc. 27). This Court concluded that because neither 28 U.S.C. § 2255

2  or 18 U.S.C. § 3664(k) allowed it to rule on the restitution, and because Defendant was

3  incarcerated in Arizona, it did not have the jurisdiction to issue the prior order to the BOP.

4  Therefore this Court vacated the previous order. United States v. Ward, No. CR 02-5231 AWI,

5  2001 WL 160690, at 1-2 (E.D.Cal. Jan. 22, 2009).

6      Defendant filed a 28 U.S.C. §2241 petition with the Ninth Circuit Court of Appeals.  The

7  Ninth Circuit Court of Appeals held the district court impermissibly delegated its obligation to set

8  the payment schedule to the BOP and remanded the case to the district court for resentencing.

9  Ward v. Chavez, 678 F.3d 1042, 1044 (9th Cir. 2012).

10      On May 2, 2013, Defendant filed a motion for reimbursement seeking an order requiring

11  the BOP to return the $4,578.02 that it had unlawfully collected from his trust fund account. (Doc.

12  32).  On June 03, 2013, Defendant filed Request to Expand Motion for Reimbursement and

13  attached an affidavit from Warden John B. Fox denying Defendant's Request for Administrative

14  Remedy. (See Doc. 33).  On July 23, 2014, Defendant filed Brief Regarding Restitution, seeking

15  the return of $3,578.02 ($4,578.02 minus $1,000.00 for the Crime Victim Assessment Fund).

16  Defendant also requested this Court set the payment schedule at $25.00 per quarter. (See Doc. 37).

17

18                                DISCUSSION

19

20    A. Monetary Relief

21

22      Defendant's Motion for Reimbursement was brought under 28 U.S.C. § 2241.  Before this

23  court can determine whether Defendant is owed damages, it must determine whether the remedy

24  he seeks is available under 28 U.S.C. § 2241. "In the case of a damages claim, habeas corpus is

25  not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S. Ct.

26  1827, 1838, 36 L. Ed. 2d 439 (1973); Dobbins v. Deboo, CIV.A. 2:09CV64, 2009 WL 3584004

27  (N.D.W. Va. Oct. 28, 2009) aff'd, 412 F. App'x 561 (4th Cir. 2011); Yaromich v. Hufford, 1:CV-

28  12-2134, 2013 WL 1933021 (M.D. Pa. Apr. 12, 2013) report and recommendation adopted, 1:12-

CV-2134, 2013 WL 1933019 (M.D. Pa. May 9, 2013); Acosta v. Chapa, EP-12-CV-78-KC, 2013 WL 789227 (W.D. Tex. Mar. 4, 2013), appeal dismissed (June 12, 2013). As the court in pointed out in Preiser:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."

Preiser, 411 U.S at 1838. Defendant's motion requests "those funds be returned." (Doc. 33). Defendant does not seek earlier release, is not challenging the length or fact of confinement, and is not challenging the validity of a restitution order. Defendant's claim is for the reimbursement of restitution money collected by the BOP, and is therefore a claim for damages. See Dobbins v. Deboo, 2009 WL 3584004 at 6 (the court refers to a reimbursement of restitution claim as a claim of damages). Therefore, the monetary relief Defendant seeks is unavailable through habeas petition and his motion is denied.

B.  Restitution Schedule

For a restitution order to be lawful, a district court must set a schedule in consideration of the defendant's financial resources. Ward v. Chavez, 678 F.3d at 1050. While the MVRA requires a court to obtain a presentence report (PSR) prior to sentencing, the district court is not required to order a new PSR for resentencing a when it has access to the original PSR. United States v. Jackson, 308 F. App'x 194, 196 (9th Cir. 2009). This Court has reviewed the PSR submitted for the original sentencing proceeding, the Declaration of Defendant Concerning Ability to Pay Court-Ordered Restitution, and Defendant's Inmate Statement Exhibit. (Doc. 37-1, 37-2). These documents show that Defendant earns about $63.00 per month from his job at the prison, received $140.00 in gifts between December 2013 and May 2014, and has no significant expenses outside commissary purchases and a few $2.00 copays for medical expenses. Defendant has provided no evidence or argument that he has any significant financial need or expenses outside of the amounts

listed above.

After considering all of the financial information provided, this court finds that Defendant can afford to immediately pay the $3,578.02 previously collected by the BOP. The remainder of the restitution owed shall be made in payments. The Court finds that the $25.00 per quarter payment schedule requested by Defendant is appropriate in light of his current finances. Therefore, while incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. After release, Defendant shall repay the remaining restitution owed in monthly installments of not less than ten percent of Defendant's gross income.

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for reimbursement is DENIED;
2. Restitution is ordered and scheduled as follows:
   a. $3,578.02 payable immediately,
   b. while incarcerated, $25.00 per quarter, payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program, and
   c. after release, any remaining restitution owed shall be paid in monthly installments of not less than ten percent of Defendant's gross income.

IT IS SO ORDERED.

Dated:   November 17, 2014                    _____
                                               SENIOR DISTRICT JUDGE